IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | | |
|---|---|---|---|
| ALEXIS WELLS | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | CASE NO: | 3:21-cv-47-JRS-MPB |
| | ) | | |
| THE FREEMAN COMPANY, and | ) | | |
| TIMOTHY VAUGHN, individually, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ACCEPT THE
FILING OF CERTAIN EXHIBTS TO COMPLAINT UNDER SEAL**

Comes now the Plaintiff, Alexis Wells ("Lexi"), by counsel, and pursuant to Southern District Local Rule 5-11, provides her Brief in Support of Plaintiff's Motion to Accept the Filing of Certain Exhibits to Complaint Under Seal.[1]

### I.  INTRODUCTION AND RELEVANT FACTUAL BACKGROUND

On March 5, 2021, Plaintiff filed her five-count complaint seeking monetary damages from Defendants for, *inter alia,* hostile work environment, sexual harassment/molestation, violations of Indiana's wage payment statutes and sexual battery. Plaintiff's claims stem from years of grooming suffered at the hands of Defendant Vaughn, who at all times relevant was an employee of Defendant The Freeman Company ("Freeman"). Vaughn's grooming of Plaintiff culminated in his heinous actions taken when, by his authority as a Freeman Senior Manager, he employed Plaintiff on or around January 15, 2020 as his Production Assistant and, he had her

---

[1] Pursuant to S.D.L.R. 5-11(e)(4), a proposed order is being submitted as an attachment to Plaintiff's Brief.

accompany him on a work trip to Orlando, Florida where he sexually harassed and molested Plaintiff.

Photographic evidence of both the grooming and actions taken by Vaugh when Plaintiff was employed by Freeman as his Production Assistant were attached to Plaintiff's Complaint and, due to the highly personal, sexual, and invasive nature of these photographs, Plaintiff contemporaneously filed her Motion to Accept the Filing of Certain Exhibits to Complaint Under Seal.

On March 29, 2021, the Court issued an Order denying Plaintiff's motion with leave to refile. In accordance with the Court's directives, Plaintiff now submits this brief in support of her renewed motion to maintain certain exhibits under seal.[2]

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 5.2(d), this Court has the discretion to order that a filing be made under seal without redaction. To supplement this rule, the Southern District has adopted its own procedures for the filing of documents under seal. *See,* S.D.L.R. 5-11. In accordance with the Local Rules the clerk may maintain filings under seal when authorized to do so by statute, rule, or court order. Further, the party seeking to file documents under seal must show good cause to maintain the document or portion thereof under seal, and in doing so explain: 1) why less restrictive alternatives to sealing are inadequate; 2) the legal authority for maintaining the document under seal; and 3) why the document should be kept sealed from the public despite its relevance or materiality to resolution of the matter.

---

[2] Prior to filing this brief, the undersigned counsel emailed counsel for the Defendants and asked whether they oppose Plaintiff's motion to file documents under seal. As of the date of this filing the undersigned has yet to hear back from Opposing Counsels.

Indiana's Rules on Public Access to Court Records set forth an enumerated list of documents that shall be excluded from Public Access. *See* Ind. ACR. R. 5(B). Most relevant here are subsections Ind. ACR.R. 5(B)(11) & (12) which state as follows:

> (11) Photographs, film, video recordings, or other similar mediums showing a live individual's uncovered genitals, pubic area, buttocks, or female post-pubescent nipple.
>
> (12) Photographs, film, video recordings, or other similar mediums showing a live individual engaging in or being subjected to sexual conduct.

## III.  ARGUMENT

A.  **Exhibit 14**

The nude photographs of Plaintiff that were taken by Defendant Vaughn on or around January 19, 2020 fall squarely within the purview of Indiana's public access rule, which excludes photographs depicting nudity and sexual conduct from the public record.  Less restrictive alternatives to sealing these photographs, such as redaction, would be inadequate under the present circumstances. Due to the extremely revealing nature of the photographs, no amount of redaction could protect Plaintiff's privacy interests or negate the emotional and mental harm Plaintiff has and will continue to suffer by the mere fact these photographs exist.

It is one thing for Plaintiff to reveal the photographs to Defendants in private so-to-speak as part of her complaints, but forcing Plaintiff to make such photographs accessible to the general public as part of an open court record would cause further humiliation and embarrassment to Plaintiff, who has already, and continues to suffered extensive mental and emotional injury as a result of Defendants' actions. These concerns vastly outweigh the public's interest to freely access these photographs and sealing the photographs does nothing to infringe upon the Court's and counsels' ability to be inform of the issues at hand.  Not sealing the

photographs would be a direct violation of Ind. ACR. R. 5(B)(11) and thus, Plaintiff respectfully requests that the Court grant her motion to file these photographs under seal.

B.  **Exhibits 1 and 5**

With regard to the photographs of Plaintiffs depicted in Exhibits 1 and 5, these photographs should be sealed because they fall squarely within the purview of Ind. ACR. R. 5(B)(12) which excludes photographs from public access that show an individual engaging in or being subjected to sexual conduct. The photographs in question were provided to Defendant Vaughn during his sexual grooming of the Plaintiff and, a number of the photographs either fully or partially reveal Plaintiff's buttocks and breasts. As with the photographs depicted in Exhibit 14, forcing Plaintiff to make the photographs of herself depicted in Exhibits 1 and 5 accessible to the general public as part of an open court record would cause further humiliation and embarrassment to Plaintiff, who has already and continues to suffered extensive mental and emotional injury as a result of Defendants' actions. These concerns vastly outweigh the public's interest to freely access these photographs and sealing the photographs does nothing to infringe upon the Court's and counsels' ability to be inform of the issues at hand. Plaintiff submits that not to seal the photographs would be a direct violation of Ind. ACR. R. 5(B)(11) and thus, Plaintiff respectfully requests that the Court grant her motion to file these photographs under seal.

**WHEREFORE**, Plaintiff, Alexis Wells, respectfully request this Court grant her Motion to File Certain Exhibits To Complaint Under Seal as argued herein and for any further relief the Court deems appropriate.

Respectfully submitted,

*Mary Lee Schiff*
Mary Lee Schiff, Attorney No. 14830-82-A
ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

P.O. Box 916
Evansville, IN 47706-0916
Telephone: (812) 424-7575
Facsimile: (812) 421-5089
Email: lschiff@zsws.com

Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2021, a copy of the foregoing was filed electronically. Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

Amanda L. Shelby and Grayson F. Harbour
Faegre Drinker Biddle & Reath LLP
Emails: amanda.shelby@faegredrinker.com and grayson.harbour@faegredrinker.com

Kyle F. Biesecker and B. Michael Macer
Biesecker Dutkanych & Macer, LLC
Emails: kfb@bdlegal.com and mm@bdlegal.com

*Mary Lee Schiff*
Mary Lee Schiff