IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ALEXIS WELLS )<br>)<br>Plaintiff and Counter-Defendant, )<br>)<br>vs. )<br>)<br>THE FREEMAN COMPANY, and )<br>TIMOTHY VAUGHN, individually, )<br>)<br>Defendants and Counter-Plaintiff ) | CASE NO: 3:21-cv-47-JRS-MPB |

**PLAINTIFF'S ANSWER TO DEFENDANT TIMOTHY VAUGHN'S COUNTERCLAIM**

Comes now the Plaintiff and Counter-Defendant, Alexis Wells (hereinafter "Wells" or "Lexi" or "Plaintiff"), by counsel, and submits herewith her Answer to Defendant Timothy Vaughn's Counterclaim as follows:

1. Vaughn has been friends with Wells' parents Julie and James for an extended period of time.

**ANSWER:** **Admitted**.

2. Vaughn and the Wells attended the same church.

**ANSWER:** **Admitted**.

3. Julie and James Wells hold the positions of Co-Pastors at the Cathedral Church in Evansville Indiana.

**ANSWER:** **Admitted.**

4. Wells own and operates a business named "Glitz & Glow" that she advertises

on social media – including Facebook and Instagram. Glitz and Glow does makeup, spray tans, etc.

**ANSWER:** **Denied.** Plaintiff would not characterize herself as an owner and operator of a "business". She is not incorporated and has never made any kind of substantial "income" offering her makeup and tanning services nor has she done so for anyone other than friends and family. In 2018 she had the idea to attempt to build a book of business offering her services but it never actually materialized. Plaintiff got busy with college and simply never deleted her Glitz and Glow information from social media.

5. In or about January 2020, Vaughn offered Wells and her business an opportunity to work as an independent contractor and gain modeling experience, experience working on video shoots and live events at the Veeva event to be held in Orlando, Florida from January 19, 2020 through January 25, 2020.

**ANSWER:** **Denied.**

6. Wells' business opportunity was to work as a Makeup Artist first and foremost – then as a Production Assistant to the Executive Producer during the times she was not doing makeup up for video shoots.

**ANSWER:** **Denied.**

7. Wells never provided an invoice or any billing to Vaughn for her services at the Veeva Event.

**ANSWER:** **Denied.** Plaintiff made a wage payment demand to Freeman and Vaughn which Freeman denied.

8. During an evening of the event, Wells became intoxicated.

**ANSWER:** Plaintiff is unable to answer this vague allegation in that Vaughn failed to identify the "evening" and "event" he is referring to and the date, time and place. Guessing at what Vaughn is talking about, see the allegations in

2

paragraphs 141-157 of Plaintiff's Complaint.

9. Wells asked Vaughn to come back to her hotel room to look at the wardrobe she brought to ensure it was okay for the event. Vaughn agreed and went to Wells' room with her.

**ANSWER:** Plaintiff is unable to answer this vague allegation in that Vaughn failed to identify the "event" he is referring to and the date, time and place. Guessing at what Vaughn is talking about, see the allegations in paragraphs 192-196 of Plaintiff's Complaint.

10. Thereafter, Wells has made malicious and knowingly false defamatory statements – verbally and in writing – to third parties accusing Vaughn of criminal acts – "grooming" her for his sexual gratification, sexually assaulting, molesting, and sexually battering her.

**ANSWER:** Denied.

11. Wells was never an employee of the Freeman Company and was well aware of that fact.

**ANSWER:** Denied.

12. On or about April 20, 2020, Wells sent a letter and photos of herself to the Freeman Company that contained knowingly false and malicious defamatory statements against Vaughn. The letter – among other things - accuses Vaughn of criminal conduct including grooming her for his sexual gratification, sexually assaulting and sexually battering her and stated that Vaughn took all of the photos that were enclosed.

**ANSWER:** Denied. Plaintiff admits that on or about April 6, 2020 her legal counsel sent a letter to The Freeman Company and therein outlined the facts leading up to

the claims subsequently alleged in Plaintiff's Complaint. Plaintiff denies that the letter contained any "knowingly false and malicious defamatory statements against Vaughn."

13. Wells' letter to Freeman states – among other things – that grooming is the "modus operandi of sexual predators and is defined as a process whereby the predator befriends and establishes an emotional connection with the child, and often times the child's family, in order to lower the child's inhibitions with the objection of sexual abuse."

**ANSWER:** Plaintiff admits that her legal counsel's letter to Freeman stated the above citing *U.S. v. Chambers*, 642 F.3rd 588 (7th Cir. 2011)

14. The letter goes on to state that "Vaughn targeted Lexi at an early age."

**ANSWER:** **Admitted.**

15. As a final example, Wells' letter to the Freeman Company states that Vaughn engaged in "molestation" of Wells.

**ANSWER:** **Admitted**.

16. Wells sent the letter to the Freeman Company in order to defame Vaughn personally and professionally and with the intent to interfere with Vaughn's employment and/or business relationship with the Freeman Company – i.e. to have his employment/business relationship terminated.

**ANSWER:** **Denied.**

17. Wells attends Western Kentucky University ("WKU").

**ANSWER:** **Admitted**.

18. Vaughn's daughter, Haley Vaughn, also attends WKU.

**ANSWER:** **Admitted.**

19. In or about August 2020, Wells contacted WKU verbally and/or in writing accusing Vaughn of the above referenced criminal conduct.

**ANSWER:** **Admitted.**

20. Wells communication to WKU was done maliciously in order to defame Vaughn and to have him banned from the campus so Vaughn could not visit his daughter.

**ANSWER:** **Denied.**

21. Vaughn is now required to notify WKU and law enforcement before he can come on to campus to visit his daughter or for any other reason.

**ANSWER:** **Admitted.**

22. Wells, along with her parents, have communicated the same untrue and criminal/defamatory statements to Vaughn's friends, fellow church members, and the community at large in an effort to damage Vaughn's personal and professional reputation and humiliate him.

**ANSWER:** **Denied.**

### COUNT I - DEFAMATION/DEFAMATION *PER SE*/LIBEL

23. Vaughn incorporates the Factual Allegations set forth above.

**ANSWER:** Plaintiff incorporates by reference her prior responses to rhetorical paragraphs 1 through 22 of Vaughn's Counterclaim.

24. Wells published written communications to a third party, that were malicious

5

and untrue and that injured Plaintiff's occupational reputation and his reputation throughout the community.

**ANSWER:** **Denied.**

    25.    Vaughn has suffered damages as a result of Wells' defamatory actions.

**ANSWER:** **Denied.**

### COUNT II - DEFAMATION/DEFAMATION *PER SE*/SLANDER

    26.    Vaughn incorporates the Factual Allegations set forth above.

**ANSWER:** Plaintiff incorporates by reference her prior responses to rhetorical paragraphs 1 through 25 of Vaughn's Counterclaim.

    27.    Wells' verbal communications to a third party, were malicious and untrue and injured Vaughn's occupational reputation and his reputation throughout the community.

**ANSWER:** **Denied.**

    28.    Plaintiff has suffered damages as a result of Defendants' defamatory actions.

**ANSWER:** Assuming Vaughn is referring to himself when he states "Plaintiff" and to Wells when he states "Defendant" -- **Denied.**

### COUNT III – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

    29.    Vaughn incorporates the Factual Allegations set forth above.

**ANSWER:** Plaintiff incorporates by reference her prior responses to rhetorical paragraphs 1 through 28 of Vaughn's Counterclaim.

    30.    Vaughn has a business relationship with the Freeman Company, of which Wells was aware.

**ANSWER:** Plaintiff admits that Vaughn was employed by Freeman when he hired her to be a Freeman Production Assistant and that she was aware of this fact when she accepted the job offered by Vaughn. If this is the "business relationship"

Vaughn is referring to in this rhetorical paragraph, Plaintiff admits Vaughn's allegations.

31. Wells intentionally interfered with Vaughn's relationship with the Freeman Company by making false claims against Vaughn and providing untruthful information to the Freeman Company.

**ANSWER:** **Denied.**

32. Said defamatory, false and misleading statements were made unnecessarily and without justification.

**ANSWER:** **Denied.**

33. Vaughn has suffered damages as a result of Wells' unlawful actions.

**ANSWER:** **Denied.**

## AFFIRMATIVE DEFENSES

Plaintiff/Counter-Defendant, by counsel, and for her Affirmative Defenses to the Counterclaim of the Defendant, Timothy Vaughn, states as follows:

**First Affirmative Defense**: Truth. To the best of Wells' knowledge and belief, each and every allegation Wells has made against Vaughn and, at all relevant times his employer, The Freeman Company, are true. An action for defamation, liable, slander and tortious interference with a business relationship will not lie where the substance of the alleged claims is based on truthful information.

**Second Affirmative Defense:** Justification. Wells had ample justification to give truthful information to Freeman about Vaughn who engaged in sexual and hostile environment harassment. Wells was also justified in giving truthful information to others, specifically WKU,

about Vaughn's sexual and hostile environment harassment and sexual battery and molestation to protect her physical and emotional wellbeing.

**Third Affirmative Defense:** Qualified Privilege. Wells' statements to Freeman, WKU, etc. are protected by the doctrine of qualified privilege as they were statements made in good faith on a matter in which Wells had an interest and which Freeman, WKU, etc., had a corresponding interest and/or duty. Freeman's corresponding interest, for example, was the misconduct of its employee (Vaughn) while on a business trip for Freeman and, WKU's corresponding interest and duty, for example, was the safety of one and all of its students.

**WHEREFORE**, the Plaintiff/Counter-Defendant respectfully request that Defendant, Timothy Vaughn, take nothing by way of his Counterclaim and that judgment be entered in favor of the Plaintiff/Counter-Defendant and against Defendant, Timothy Vaughn, on his Counterclaim and for all other relief just and proper in the premises.

Respectfully submitted,

ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP

*Mary Lee Schiff*
Mary Lee Schiff, Attorney No. 14830-82-A
Ziemer Stayman Weitzel & Shoulders, LLP
P.O. Box 916
Evansville, IN 47706-0916
Telephone: (812) 424-7575
Facsimile: (812) 421-5089
E-Mail: lschiff@zsws.com

*Attorney for Plaintiff Alexis Wells*

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2021, a copy of the foregoing was filed electronically. Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

Amanda L. Shelby and Grayson F. Harbour
Faegre Drinker Biddle & Reath LLP
Emails: amanda.shelby@faegredrinker.com and grayson.harbour@faegredrinker.com

Kyle F. Biesecker and B. Michael Macer
Biesecker Dutkanych & Macer, LLC
Emails: kfb@bdlegal.com and mm@bdlegal.com

*Mary Lee Schiff*
Mary Lee Schiff