IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

ALEXIS WELLS                                    )
                                                )
    Plaintiff and Counter-Defendant,       )
                                                )
vs.                                             )       CASE NO:      3:21-cv-47-JRS-MPB
                                                )
THE FREEMAN COMPANY, and                        )
TIMOTHY VAUGHN, individually,                   )
                                                )
    Defendants and Counter-Plaintiff       )

---

## PLAINTIFF'S STATEMENT OF CLAIMS

Comes now the Plaintiff, Alexis Wells (hereinafter "Wells" or "Lexi" or "Plaintiff"), by counsel, pursuant to the Order on Case Management Plan and submits her Statement of Claims which are further described in her Second Amended Complaint.

    1.   <u>Quid Pro Quo Sexual Harassment</u>. Plaintiff intends to prove that while a Freeman employee she was subjected to quid pro quo sexual harassment by her supervisor, Tim Vaughn, and Freeman is strictly liable.

- Freeman placed its manager, Defendant Vaughn, in a position of authority and gave him the responsibility to be the Client Solutions Manager ("CSM") that oversaw the Veeva Systems' FY21 Kickoff event through all stages of production, including staffing requests, managing logistics and labor, and requesting all necessary resources to prepare and execute the client service plan.

- Plaintiff will prove that Vaughn sexually groomed her for years cultivating her trust and breaking down her inhibitions.  Vaughn had Plaintiff convinced that he was someone who could help her acquire modeling jobs

through Freeman and Freeman clients. Vaughn gradually introduced inappropriate behaviors into his relationship with Plaintiff all the while making her believe that what was happening was okay, normal, and always in her best interest. Vaughn also introduced the idea of secrecy into the relationship encouraging Plaintiff not to tell anyone about what he was asking her to do. Vaughn then used the authority Freeman gave to him to hire Plaintiff to work the Veeva Event with the intent of isolating her and gaining complete control over her so that he could push the boundaries of being sexual with her. Vaughn's despicable, inappropriate and outrageous behavior towards Plaintiff was unwelcomed.

- Vaughn hired Plaintiff as his Production Assistant with the knowledge of Freeman and its supervisors and managers.

- Vaughn conditioned work opportunities for Plaintiff with Freeman and/or Freeman clients on Plaintiff allowing him to, among other things, inappropriately touch her, take indecent photographs of her, and be humiliated by her in and/or with other Freeman supervision present.

- As a direct and proximate cause of the quid pro quo sexual harassment she was subject to, Plaintiff has suffered compensatory damages, including, but not limited to, loss of employment, medical and mental health expenses, mental anguish, pain and suffering, humiliation, embarrassment, degradation, loss of reputation, attorneys' fees and other expenses as allowed by law.

- Freeman is strictly liable for Plaintiff's damages because the sexual harassment she suffered was at the hands of her supervisor, Freeman Manager Tim Vaughn.

- Plaintiff will further prove that Freeman ignored her complaint of sexual harassment against Vaughn and intentionally did not investigate her complaint as required by its sexual harassment policies. In addition, Freeman manufactured evidence that it gave to the EEOC to support its claim that Plaintiff was not its employee hired by Vaughn to work as the Production Assistant for the Veeva Event.

- Although Freeman has anti-harassment/employee complaint policies that require it to investigate any allegation of sexual harassment or employee complaint, Freeman did not follow those policies in Plaintiff's case and Freeman took no steps to correct promptly the sexually harassing behavior reported to Freeman by Plaintiff and by its employee, Defendant Vaughn.

- Although Freeman's anti-harassment/employee complaint policies provide avenues through which an employee can report alleged sexual harassment, Freeman never gave these policies to the Plaintiff, never told Plaintiff about these policies, and it did not have these policies available to Plaintiff at Plaintiff's work sites.

- Freeman's conduct towards Plaintiff was willful, in that Freeman showed reckless disregard for the matter of whether its supervisor's conduct was prohibited by Title VII.

3

- Plaintiff is entitled to punitive damages given Freeman's willful and malicious conduct towards her.

2.   <u>Hostile Work Environment Sexual Harassment.</u> Plaintiff intends to prove that while a Freeman employee she was subjected to unwelcome sexual harassment that created a hostile work environment and Defendant Freeman is strictly liable. Regarding this statement of claim, Plaintiff incorporates the statements set forth in the paragraphs above.

- Plaintiff will prove that Vaughn engaged in unlawful employment practices by intentionally creating an intimidating, hostile, and offensive work environment for Plaintiff in violation of Title VII.

- Freeman managers and supervisors witnessed Vaughn's intimidating, hostile and offensive actions and did not take any steps to stop the same and in fact, Freeman Contractor and Production Manager, Lloyd Ellis, participated in creating an intimidating, hostile and offensive work environment for Plaintiff.

- Vaughn's actions were unwelcomed and interfered with Plaintiff's work performance and created an intimidating, hostile and offensive work environment that seriously affected Plaintiff's psychological well-being.

- The work environment Plaintiff was subjected to while employed by Freeman was both objectively and subjectively offensive, and one that a reasonable person would find hostile or abusive, and one that Plaintiff in fact perceived to be so.

- As a direct and proximate cause of the hostile work environment she was subject to, Freeman has caused Plaintiff to suffer compensatory damages,

including, but not limited to, loss of employment, medical and mental health expenses, mental anguish, pain and suffering, humiliation, embarrassment, degradation, loss of reputation, attorneys' fees and other expenses as allowed by law.

- Freeman is strictly liable for Plaintiff's damages because the sexual harassment she suffered was at the hands of her supervisor, Defendant Vaughn. Further, she suffered an adverse employment action because the hostile and abusive working environment created by Vaughn's actions was so intolerable that her escaping from the same and giving up her job as a Freeman Production Assistant was an appropriate response.

- Plaintiff will further prove that Freeman ignored her complaint of sexual harassment against Vaughn and intentionally did not investigate her complaint as required by its sexual harassment policies. In addition, Freeman manufactured evidence and provided the same to the EEOC to support its claim that Plaintiff was not its employee hired by Vaughn to work as the Production Assistant for the Veeva Event.

- Although Freeman has anti-harassment/employee complaint policies that require it to investigate any employee complaint or allegation of sexual harassment, Freeman did not follow those policies in Plaintiff's case and Freeman took no steps to promptly correct the sexually harassing behavior reported to Freeman by Plaintiff and by its employee, Defendant Vaughn.

- Although Freeman's anti-harassment/employee complaint policies provide avenues through which an employee can report alleged sexual harassment,

Freeman never gave these policies to the Plaintiff, never told Plaintiff about these policies, and it did not have these policies available to Plaintiff at Plaintiff's work sites.

- Freeman's conduct towards Plaintiff was willful, in that Freeman showed reckless disregard for the matter of whether its supervisor's conduct was prohibited by Title VII.

- Plaintiff is entitled to punitive damages given Freeman's willful conduct towards her.

3.   <u>Wage Payment Claim.</u> Plaintiff will prove that she was a Freeman employee and worked for Freeman as a Production Assistant from January 15, 2020 to January 20, 2020.

- Freeman supervisors and managers worked with, and alongside Plaintiff when she worked for Freeman.

- Freeman hired Plaintiff as an hourly employee.

- Plaintiff's supervisor, Tim Vaughn, told Freeman Senior Vice President Lisa VanRosendale that he hired that Plaintiff to be the Production Assistant for the Veeva Event and her hourly rate would be $50. VanRosendale authorized the hiring and told Vaughn to capture the cost of employing Plaintiff through change orders.

- Freeman intentionally did not pay Plaintiff for her hours worked even though Plaintiff requested that she be paid for her hours worked.

- Under I.C. §22-2-5-1, et seq. Plaintif is entitled to receive, in addition to the amounts due her under Indiana's wage payment statutes, liquidated damages equal to ten percent (10%) of the amount of wages owed for each

6

day the sums remain unpaid, not exceeding double the amounts due and

her attorneys' fees in bringing this claim.

4.      <u>Battery.</u> Plaintiff intends to prove that while employed by Freeman, her

supervisor, Defendnat Vaughn, intentionally touched her in a rude, insolent and/or angry manner

committing Battery against her person and as a result of Vaughn's unlawful and unwanted

touching, Plaintiff has suffered pain, humiliation, mental anguish and economic harm.

5.      <u>Sexual Battery.</u> Plaintiff intends to prove that while employed by Freeman, her

supervisor, Defendant Vaughn, intentionally touched her in a harmful, offensive and sexual

manner thereby committing sexual battery and as a result of Vaughn's unlawful and unwanted

touching, Plaintiff has suffered pain, humiliation, mental anguish and economic harm.

6.      <u>Intentional Infliction of Emotional Distress – Freeman.</u> Plaintiff intends to prove

that Freeman senior officials knew that Freeman manager, Defendant Vaughn, hired Plaintiff to

be a Freeman Production Assistant for the Veeva FY21 Kickoff event that took place in Orlando,

Florida from January 19, 2020 to January 26, 2020, but nonetheless, when Plaintiff asked to be

paid for her work, and alleged Vaughn sexually harassed her while she worked, Freeman denied

that Plaintiff was employed by Freeman "in any capacity" for this event.

- Among other Freeman employees and contractors, Freeman Regional

  Director of Production Anne Mantha, Freeman Production Manager

  Ishanee DeVas, Freeman Production Manager Lloyd Ellis, Freeman

  Executive Producer Lori Brennan, and Freeman Senior Client Solutions

  Director Clay Cook, all worked with and/or alongside of Plaintiff when

  she was in Orlando, Florida working at the Veeva Event for Freeman but

  nonetheless, Freeman denied the Plaintiff worked at the event and in fact,

7

told the EEOC that as "far as Freeman can tell, and with the exception of Vaughn, no one at Freeman knew of Wells *at all,* much less her attendance at the Orlando trade show" until April 2020.

- Freeman has engaged in extreme and outrageous conduct towards the Plaintiff that was abhorrent, disturbing, and that went beyond all possible bounds of decency.

- Freeman engaged in the conduct with the intent to cause and/or in reckless disregard of the probability of causing the Plaintiff to suffer severe and emotional distress.

- As a proximate result of Freeman's actions, Plaintiff suffered severe and extreme emotional distress.

- Freeman's actions in the handling of the Plaintiff's sexual harassment allegations against Vaughn, and her demand to be paid for her hours worked, were outrageous.

- As a proximate result of Freeman's actions, Plaintiff suffered severe and extreme emotional distress.

7.     <u>Intentional Infliction of Emotional Distress – Vaughn.</u> Plaintiff intends to prove that Vaughn engaged in extreme and outrageous conduct towards her that was abhorrent, disturbing, and that went beyond all possible bounds of decency. Vaughn engaged in the conduct with the intent to cause and/or in the reckless disregard of the probability of causing the Plaintiff to suffer severe and emotional distress. As a proximate result of Vaughn's actions, Plaintiff suffered severe and extreme emotional distress.

8

8.      <u>Negligent Infliction of Emotional Distress – Freeman</u>. Freeman engaged in negligent conduct without consideration for the effect of such conduct upon Plaintiff's emotional well-being. Freeman's negligent conduct has caused Plaintiff to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.

9.      <u>Negligent Infliction of Emotional Distress – Vaughn</u>. Vaughn engaged in negligent conduct without consideration for the effect of such conduct upon Plaintiff's emotional well-being. Vaughn's negligent conduct has caused Plaintiff to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.

Given that discovery is still ongoing and, therefore, additional facts and evidence may be identified, Plaintiff reserves the right to supplement or otherwise amend the foregoing.

Respectfully submitted,


ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP


*Mary Lee Schiff*
Mary Lee Schiff, Attorney No. 14830-82-A
Matthew S. Koressel, Attorney No. 35276-49
Ziemer Stayman Weitzel & Shoulders, LLP
P.O. Box 916
Evansville, IN 47706-0916
Telephone: (812) 424-7575
Facsimile: (812) 421-5089
E-Mails: lschiff@zsws.com and mkoressel@zsws.com

*Attorneys for Plaintiff Alexis Wells*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of May, 2022, a copy of the foregoing was filed electronically. Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

Amanda L. Shelby and Grayson F. Harbour
Faegre Drinker Biddle & Reath LLP
Emails: amanda.shelby@faegredrinker.com and grayson.harbour@faegredrinker.com


Kyle F. Biesecker and B. Michael Macer and Ryan Sullivan
Biesecker Dutkanych & Macer, LLC
Emails: kfb@bdlegal.com and mmacer@bdlegal.com and rsullivan@bdlegal.com


*Mary Lee Schiff*
Mary Lee Schiff